UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ZAVIAN WIMBERLY, *BY AND THROUGH*  :
*HIS MOTHER AND NATURAL GUARDIAN,*  :
*CASSIA MCGAY*,  :
               Plaintiff,  :
  :
        v.  :    No. 5:17-cv-02952
  :
FIRST FINANCIAL INSURANCE COMPANY,  :
           Defendant.  :

_____

**O P I N I O N**
**Plaintiff's Motion to Remand, ECF No. 5- Granted**

**Joseph F. Leeson, Jr.**                                      **August 25, 2017**
**United States District Judge**

## I.    INTRODUCTION

      This action arises out of a bad faith insurance dispute originally filed by Plaintiff in the

Court of Common Pleas of Philadelphia County concerning the refusal of First Financial

Insurance Company ("FFIC") to defend and indemnify its insured, Scobies, LLC, in connection

with a wrongful death lawsuit brought against Scobies, LLC in the Court of Common Pleas of

Lehigh County.  FFIC removed the action to this Court based on diversity jurisdiction.  Presently

before the Court is Plaintiff's motion to remand.  In light of the Service of Suit Amendment,

which is a part of the FFIC insurance contract that gives the insured the right to select the forum,

the motion is granted.

## II.    BACKGROUND

      On May 23, 2017, Plaintiff Zavian Wimberly, by and through his mother and natural

guardian, Cassia McGay, filed a complaint in the Philadelphia County Court of Common Pleas,

claiming breach of contract, breach of fiduciary duty, and a violation of 42 Pa. Cons. Stat. § 8371

("Actions on insurance policies"), for FFIC's alleged failure to defend and indemnify its insured,

Scobies LLC, in a wrongful death suit brought against it.[1]  Not. Removal, Ex. A (Compl.), ECF

No. 1.  The complaint demands compensation in the amount of $500,000.00, which is the

amount of the judgment in the wrongful death action.  *Id.*  On December 8, 2016, before the

complaint was filed, Scobies, LLC assigned its rights against FFIC to Plaintiff.  *Id.* at Exs. B- C.

The state court approved the assignment.  *Id.*

FFIC removed the matter to this Court on June 29, 2017, pursuant to 28 U.S.C. § 1441(a).

On July 10, 2017, Plaintiff filed a motion to remand to state court, asserting that the "insurance

contract between the FFIC and Plaintiff as assignee of Scobies, LLC, which was attached to the

Civil Action Complaint filed in Philadelphia County, contains a 'Service of Suit Amendment' in

which FFIC agrees that, in the event of a lawsuit, it will go and stay in the forum chosen by

Plaintiff."  Mot. Remand ¶ 7, ECF No. 5.  The Service of Suit Amendment states:

> It is agreed that in the event of [FFIC]'s failure to pay any amount claimed to be
> due under the policy, [FFIC], at the request of the insured, will submit to the
> jurisdiction of any court of competent jurisdiction within the United States of
> America and will comply with all requirements necessary to give such Court
> jurisdiction and all matters arising hereunder shall be determined in accordance
> with the law and practice of such Court.

Ins. Policy, Compl. Ex. A, ECF No. 1.

In response to the motion to remand, FFIC asserts that the Service of Suit Amendment is

limited to the forum chosen "at the request of the *insured*" and does not pertain to the forum

chosen by an assignee, which Plaintiff is.  Resp. Mot. Remand, ECF No. 10.  Further, FFIC

argues that the policy contains a non-assignment clause, which provides that "Your rights and

---

[1]      Plaintiff Zavian Wimberly is a minor and the only heir to Tyree Wimberly, the deceased.

duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured." Ins. Policy, Common Policy Consideration F.

## III.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." After an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015). "The party seeking removal carries the burden of proving that removal is proper;" and that "burden is particularly heavy when the party seeks to avoid a forum selection clause through use of removal." *Id.*

## IV.    ANALYSIS

Initially, this Court finds that it has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* Compl. ¶¶ 4-5 and Wherefore clause; Not. Removal ¶¶ 6-9.

Plaintiff argues that the Service of Suit Amendment provides grounds to remand, *see Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216 (3d Cir. 1991) (holding that "a forum selection clause can properly be the basis of remand"), serves as a waiver to FFIC's right to remove, *see id.* at 1216-17 (concluding that the "right to remove may be waived"), and is in harmony with federal law.

FFIC responds that under the plain language of the policy, the forum selection must come from the "insured" and that Plaintiff, as an assignee, cannot invoke this provision. FFIC further

contends that the non-assignment clause in the policy prohibits Scobies, LLC from assigning its right to choose the forum under the Service of Suit Amendment.

There is no dispute that had Scobies, LLC brought the underlying suit, the Service of Suit Amendment would bar FFIC from removing the action to this Court. The Third Circuit Court of Appeals addressed this exact issue in *Foster*. There, the circuit court affirmed the district court's finding that the insurance company, "by consenting to 'submit' to 'any court' of competent jurisdiction 'at the request of the Company,' and to comply with all requirements necessary to give 'such court jurisdiction, . . . agreed to go to, and stay in, the forum chosen by [the insured]." *Id.* at 1216 (finding that the forum selection clause at issue was enforceable).[2]

Whether an assignee may also enforce such a provision was not specifically addressed by the court in *Foster*. The parties have not cited any cases on point, nor has this Court been able to find any cases out of the Pennsylvania courts or the federal or circuit courts in Pennsylvania. However, the Fifth Circuit Court of Appeals has answered this question in the affirmative. *See Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991). In *Nutmeg*, the court held that in the "Service of Suit" endorsement in the general liability policy, the insurance company ceded to the insured "*and therefore its assignees*[] the right to choose the forum in which any dispute would be heard, and ha[d] foregone its right to remove the action." *Id.* (emphasis added). This conclusion is consistent with Pennsylvania law because "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." *Am. Soc'y for Testing & Materials v. Corrpro Cos.*, 292 F. Supp. 2d 713, 718 (E.D. Pa. 2003); *United States Fire Ins.*

---

[2] A forum selection clause should be enforced unless "the defendant can make a strong showing, either that the forum thus selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching.'" *Foster*, 933 F.2d at 1218 (internal quotations omitted). No such showing has been made here.

*Co. v. Aetna Casualty & Surety Co.*, 1983 Pa. Dist. & Cnty. Dec. LEXIS 102 (Pa. C.P. Oct. 26, 1983) ("interpret[ing] the rule that the assignee 'steps into the shoes' of his assignor to mean that he is permitted to enforce the claim against the carrier in the same manner and to the same degree as if there had been no assignment"). Accordingly, this Court concludes that an assignee, such as Plaintiff, may enforce a Service of Suit Amendment. The presence of a non-assignment clause in the policy does not alter this determination.

"Under Pennsylvania law, an insurer may not limit an insured's ability to assign his or her rights under a policy after the occurrence of the event which gives rise to the insurer's liability." *Viola v. Fireman's Fund Ins. Co.*, 965 F. Supp. 654, 658 (E.D. Pa. 1997). Accordingly, provisions in "policies forbidding assignments have no effect on the 'assignment of the policy or rights after the occurrence of the event, which creates the liability of the insurer[.]'" *Id.* (quoting *Nat'l Memorial Services, Inc. v. Metropolitan Life Ins. Co.*, 48 A.2d 143, 144 (Pa. Super. Ct. 1946)). *See also York Int'l Corp. v. Liberty Mut. Ins. Co.*, No. 1:10-CV-0692, 2011 U.S. Dist. LEXIS 57202, at *16 (M.D. Pa. May 26, 2011) (declining to enforce a non-assignment clause). This is true because "non-assignment clauses are included in insurance policies for the protection of insurers [and] are designed to guarantee that an increase of the risk of loss by a change of the policy's ownership cannot occur without the consent of the insurer." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 946 (E.D. Pa. Mar. 27, 1995). With these principles in mind, this Court agrees with the district courts that have concluded that an assignee may enforce a forum selection clause, regardless of the inclusion of an anti-assignment clause in the policy. *See Pontanini v. Northfield Ins. Co.*, No. 15 C 6141, 2015 U.S. Dist. LEXIS 130882, at *6-7 (N.D. Ill. Sept. 28, 2015) (concluding that an anti-assignment clause does not prohibit assignment of a claim for a loss under the policy once a claim has arisen, and allowing an

assignee to enforce the service of suit provision of the policy); *United States Fire Ins. Co. v. Arch Specialty Ins. Co.*, No. 08-1249, 2008 U.S. Dist. LEXIS 125175, at *7-8 (D. Md. July 15, 2008) (determining that the service of suit clause constituted a waiver of the defendant-insurance company's right to removal despite the fact that the policy contained an anti-assignment clause because the assignment occurred after the loss). Here, the assignment was made after the "occurrence of the event, which create[d] the liability of the insurer," *see Nat'l Memorial Services, Inc.*, 48 A.2d at 144, such that the non-assignment clause does not prevent Plaintiff from enforcing the Service of Suit Amendment.

Moreover, to the extent that there is any doubt as to whether the word "insured" in the Service of Suit Amendment was intended to include assignees, because Pennsylvania law dictates that ambiguities in a policy are strictly construed against the insured, the matter must be resolved in favor of Plaintiff. *See Selko v. Home Ins. Co.*, 139 F.3d 146, 152 (3d Cir. 1998) (citing *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983)); *First Pa. Bank v. Nat'l Union Fire Ins. Co.*, 580 A.2d 799, 802 (Pa. Super. Ct. 1990)). Further, the federal removal statute is strictly construed and if there is any doubt as to whether removal was proper, the matter should be remanded. *See Carlyle Inv. Mgmt. LLC*, 779 F.3d at 218. Plaintiff's Motion to Remand is therefore granted.

Given that there is no Pennsylvania law directly on point, Plaintiff's request for attorney's fees is denied.[3]

---

[3] Attorney's fees may be awarded to the prevailing party on remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Id.* at 139.

**V. CONCLUSION**

Plaintiff, as the insured's assignee, assumed all of its rights, including the right to choose the court in which a claim is brought. Because the assignment by Scobies, LLC to Plaintiff occurred after the events giving rise to liability, the non-assignment clause in the policy will not be enforced. The matter is therefore remanded to the Court of Common Pleas of Philadelphia County.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge